IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHARLOTTE L. HAZELETT,

           Plaintiff,

v.                                        CIVIL ACTION NO. 3:04-0053

R. L. BROWNLEE, Acting Secretary,
Department of the Army,

           Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before this Court are Plaintiff's motion for summary judgment (Doc. 45) and Defendant's renewed motion for summary judgment (Doc. 47). The action was referred to the Honorable Maurice G. Taylor, Jr., United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Taylor has submitted findings of fact and recommended that Plaintiff's motion for summary judgment be denied, Defendant's renewed motion for summary judgment be granted, and that this action be dismissed.

Having reviewed and considered the report and recommendations of the Magistrate Judge, as well as all relevant motions and pleadings by the parties, the Court **DENIES** Plaintiff's motion for summary judgment (Doc. 45), **GRANTS** Defendant's renewed motion for summary judgment (Doc. 47), and **ACCEPTS** and **INCORPORATES** the findings of the Magistrate Judge.

**Background**

This action involves claims of discrimination and retaliation on the basis of sex and race in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-16.  The plaintiff, Ms. Hazelett is an employee of the Department of the Army Corps of Engineers (Corps).  She initiated this dispute after consultation with an EEO officer, in February of 2000, by filing an administrative complaint on the basis of 1) "a lowered performance appraisal," 2) "an inequitable award," and 3) "reprisal and retaliation for protected activity with a racially-oriented group."  She later amended her complain to add a claim for "withholding of recognized higher graded work."

Following a fact finding conference, an administrative law judge found in favor of the Corps. He concluded that a hearing was not required because there were "no material facts at issue."  Ms. Hazelett requested reconsideration before the EEOC, but that request was denied.  Ms. Hazelett then filed suit in this Court, and has objected to the findings and recommendations of Magistrate Judge Taylor.

Although Ms. Hazelett objects to the wording Judge Taylor used to describe her claims, and to the finding that there are no genuine disputed issues of material fact, she does not dispute his description of the background of this dispute.  Consequently, the facts will not be recounted in full detail here.

**Standard of Review**

**I.  Standard of Review of Magistrate Judge's Findings and Recommendations**

Pursuant to 28 U.S.C. § 636(b)(1)(C), a district court judge is to make a de novo review of those portions of a Magistrate Judge's findings or recommendations to which an objection is made.

**II.  Standard of Review for Summary Judgment**

The correct standard for summary judgment was sufficiently recited by the Magistrate Judge, but for the purposes of *de novo* review is restated here. Rule 56(c) of the Federal Rules of Civil Procedure authorizes entry of judgment in favor of a moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." It is the moving party who "bears the initial burden of pointing to the absence of a genuine issue of material fact," *Temkin v. Frederick County Commissioners*, 945 F.2d 716, 718 (4th Cir. 1991); however, the "burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." *Id.* at 718-19.

While the Court must construe the facts "in the light most favorable to the party opposing the motion," *United States v. Diebolt, Inc.*, 369 U.S. 654, 655 (1962), that party "'cannot create a genuine issue of fact through mere speculation or the building of one inference upon another,'" *Harleysville Mutual Insurance Company v. Packer*, 60 F.3d 1116, 1120 (4th Cir. 1995), and "[t]he mere existence of a scintilla of evidence in support of [a] plaintiff's position will be insufficient; there must be evidence upon which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "At bottom, a district court must determine whether the party opposing the motion for summary judgment has presented genuinely disputed facts which remain to be tried, if not, the district court may resolve the legal questions between the parties as a matter of law and enter judgment accordingly." *Thompson Everett, Inc. v. National Cable Advertising, L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995).

## Analysis

### I.  Ms. Hazelett's Initial Objections

Before explaining her specific objections to the Magistrate Judge's findings on each count of her claim, Ms. Hazelett makes two initial objections.  First, she objects to his characterization of his claims, arguing that the findings and recommendations, "dilute [her] claims by stating them more closely to the Defendant's framing."  She then objects to the finding that there are no material facts at issue.  In addressing the first objection, this Court notes that Judge Taylor did not err merely by characterizing her claims in language more similar to that used by the Defendant.  In fact, because the Defendant used more neutral language the phrasing was appropriate.  As this Court will explain more fully in responding to Ms. Hazelett's objection to findings and recommendations on each count of her complaint, Judge Taylor correctly found that there are no genuine issues of disputed fact.  Taking the evidence in the light most favorable to her, none of the alleged harms suffered by Ms. Hazelett rise to the level necessary to avoid summary judgment.

### II.     The Harm Alleged by Ms. Hazelett in Regard to Her Disparate Treatment does not Rise to the Level of "Adverse Employment Action."

Three counts in Ms. Hazelett's claim allege disparate treatment based on her sex and her service on the Black Employment Service Committee.  These counts are, as characterized by Ms. Hazelett, 1) her lowered performance appraisal, 2) an inequitable award and 3) withholding of recognized higher graded work.

In regards to her lowered performance appraisal, Ms. Hazelett acknowledges that her initial rating of "3" was improved to a rating of "2" after she filed a motion for reconsideration.  She objects that Judge Taylor placed undue emphasis on the raising of the rating, ignoring the fact that

there is no evidence in the record of a decline in her performance. She also argues that she was unfairly evaluated on a Senior System standard rather than a Base System Standard

In objecting to the findings and recommendation concerning her award, she contends that the magistrate judge focused too much on the monetary value of the award, and forgot that she received a different type of award than a similarly situated male.  She argues that she suffered discrimination because a similarly situated male received a "performance" award which remains in his personnel file, while she received only an "incentive" award, which does not.  She objects to Judge Taylor's decision on the law which found the non-receipt of a discretionary award does not rise to the level of adverse employment action, stating, "[a]wards cannot, however, be distributed without regard to EEO laws and statutes. . ."  Finally, she objects that her supervisor's characterization of the male employee's performance award as a "safe driving award" raises a material issue of fact.

On the count based on withholding of recognized higher graded work, Ms. Hazelett objects that Judge Taylor incorrectly rested his conclusion on the basis that she continued to receive most data requests, other than one from Ohio University.  She contends that the Ohio University request had individual significance because it was one for which she received outside recognition.  She then argues that there is evidence in the record to support this count, consisting of the ALJ's findings, and the fact that the work was assigned to a male co-worker, Pratt.

In order to make out a claim for disparate treatment under Title VII, a plaintiff has a burden of showing an "adverse employment action." *Brockman v. Snow*, 217 Fed. Appx. 201, 205 (4th Cir. 2007).  Actions rising to this level have been characterized as "ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating." *Page v. Bolger*, 645

F.2d 227, 233 (4th Cir. 1981). While recognizing that the entirety of circumstances must be taken into account, the Court agrees with the Judge Taylor's finding that any harm suffered by Ms. Hazelett does not rise to the level of ultimate employment action. Despite the fact that Ms. Hazelett feels wronged by the actions of the Corps, those actions do not rise to level that can be considered legally compensable wrongs.

Factual discrepancies in the record, pointed out by Ms. Hazelett, are not genuinely disputed issues of material fact. Even if Ms. Hazelett is able to demonstrate to a fact finder that these discrepancies should be resolved in her favor, the Court would still be forced to rule against her as a matter of law. Actions such as giving a male co-worker the performance award, while giving her only an incentive award, or purposely withholding work from Ohio University would not rise to the level of ultimate employment action unless there were special circumstances that showed these were related to an employment decision such as hiring, firing, promoting, etc. There is no evidence in the record to show that such is the situation.

### III. Ms. Hazelett's Reprisal and Retaliation Claim Must Fail Because an Objectively Reasonable Worker Would Not Have Been Dissuaded from Participation in Opposing Unlawful Practices Under the Circumstances.

In his findings and recommendation, Magistrate Judge Taylor recognized that Ms. Hazelett's claim for reprisal and retaliation was principally based on a memorandum from her second line supervisor, Jerry Webb. In seeking to explain the reason Ms. Hazelett's service on the Black Employment Program Committee did not in itself justify a higher rating, Mr. Webb stated, "[s]erving on the Black Employment Committee is something that management has allowed you to do on official time. While it enhances your personal experience, it is not directly related to your job

performance." Further that, "[p]erformance and involvement with those tasks reduces branch resources available to perform our mission and increases our overhead expenditures."

Judge Taylor first found that Ms. Hazelett likely had no standing to assert this claim, due to the lack of evidence in the record about her participation in the Black Employment Committee or about actions she took as an advocate for a protected class. He then reasoned that even if she did have standing, the memorandum by Mr. Webb was not itself enough to dissuade a reasonable worker from making or supporting a claim of discrimination. Finally, he noted that Ms. Hazelett had referred to the withholding of work from Ohio University in her reprisal allegation, but found that this action would not be enough to dissuade a reasonable employee from acting.

Ms. Hazelett raises a number of objections to Judge Taylor's findings and recommendations on the issue of reprisal and retaliation. She first objects that "the retaliation portion of this complaint cannot be fragmented from the gender based portion." Next, Ms. Hazelett objects to the finding that Mr. Webb's intent was to explain the basis for the rating and that a reasonable employee would not be dissuaded from continuing "that activity." Thirdly, Ms. Hazelett objects to the finding that her activities on the Black Employment Committee were "purely matters of speculation." Finally, Ms. Hazelett objects to the finding that the comments about increased overhead expenditure were directed not only to her involvement with the Black Employment Committee but also the Communication Action Team, and the Occupational Safety and Health Committee. She argues that even if her involvement with the Black Employment Committee was only a partial motivation for the negative comments, this is still actionable.

As correctly pointed out by Judge Taylor, the standard for analyzing actions of retaliation in Title VII claims was recently clarified by the U.S. Supreme Court in the case of *Burlington*

*Northern & Santa Fe Ry. Co. V. White*. 126 S.Ct. 2405 (2006). There, the Court held that there was a different standard for showing an adverse employment actions under Title VII's retaliation provision than for showing adverse employment actions under Title VII's disparate treatment provision. *Id.* at 2411-14. In the context of retaliation, a legally recognizable harm is one which would "dissuade a reasonable worker from making or supporting a charge of discrimination." *Id.* at 2415.

This Court agrees with the findings of Judge Taylor, that none of the harms suffered by Ms. Hazelett would have dissuaded a reasonable employee from making or supporting a claim of discrimination. While this is an objective standard, based on the record in this case it seems clear that Ms. Hazelett has not been dissuaded from making or vigorously pursuing a charge for discrimination.

Again, Ms. Hazelett's objections to Judge Taylor's findings and recommendations must fail. Even taking into consideration the entirety of her circumstances (not just the memorandum) the Court does not feel that a reasonable employee, in the same situation, would be dissuaded from pursuing or making a claim of discrimination. Like Judge Taylor, this Court is unable to find evidence in the record that would clearly support standing for Ms. Hazelett on a retaliation claim based on her affiliation with the Black Employment Committee. The Court further finds that even if she has standing based on her activity, she has not suffered a legally recognizable harm sufficient to support a claim for retaliation under Title VII.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion for summary judgment (Doc. 45), **GRANTS** Defendant's renewed motion for summary judgment (Doc. 47), and

**ACCEPTS** and **INCORPORATES** the findings and well-reasoned recommendations of Magistrate Judge Taylor.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:  September 27, 2007

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE